UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. PAIGE,<br>Plaintiff,<br>v.<br>GEO GROUP, OAKLAND CENTER, et al.,<br>Defendants. | Case No. 17-cv-06116-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at the Alameda County Glen Dyer Jail, filed a *pro se* complaint against GEO Group's Oakland Center (a halfway house for prisoners leaving the Federal Bureau of Prisons), and four of its employees. He has been granted leave to proceed *in forma pauperis* in a separate order. The complaint is now before the Court for initial review pursuant to 28 U.S.C. § 1915A.

## ANALYSIS

**A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.  Legal Claims**

Although plaintiff states that his complaint is brought under 42 U.S.C. § 1983, it is more properly construed as a *Bivens* action because it is against an entity acting under contract with the Federal Bureau of Prisons ("BOP"). *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Where § 1983 claims are brought against defendants acting under state law, *Bivens* recognized a private right of action, in limited circumstances, for damages for constitutional violations by federal employees or their agents. *See Bivens*, 403 U.S. at 392-97.

To state a *Bivens* claim, a plaintiff must allege that persons acting under color of federal law violated a federal constitutional right. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991). Thus, an action under *Bivens* is analogous to one brought pursuant to 42 U .S.C. § 1983, except for the replacement of a state actor under § 1983 by a federal actor under *Bivens*. *Id.*

Here, plaintiff alleges that he arrived at GEO Group's Oakland Center in August 2017 as part of the BOP's residential reentry program, pursuant to a federal sentence. He followed the rules of the program, including maintaining good conduct and participating in assignments and chores. He also obtained a job and gave 25 percent of his income to GEO Group, as required by the program. Plaintiff alleges that four of GEO Group's employees—Lang, Padellas, Williams, and Milton—variously interfered with his employment, took his property, and hindered his efforts to obtain property he had inherited from his deceased father.

2

Plaintiff's allegations fail to state a claim. In *Correctional Services Corporation v. Malesko*, 534 U.S. 61, (2001), the Supreme Court held that *Bivens* does not confer a right of action for damages against a private entity acting under color of federal law where alternative remedies are available. Notably, the defendant in *Malesko*, as in the instant case, was a halfway house under contract with the BOP. Similarly, in *Minneci v. Pollard*, 565 U.S. 118, 125-26 (2012), the Supreme Court declined to expand *Bivens* to include a private right of action for damages against employees of a private entity under contract with the federal government where state tort law provides an alternative process to protect the constitutional interests at stake. The defendants in *Pollard* were employees of a privately operated federal prison. Here, California tort law provides an alternative for plaintiff's alleged constitutional deprivations.

Further, even if the Court were to find that plaintiff had named a proper defendant, he fails to state a constitutional claim. Regarding plaintiff's claims for interference with employment, there is no constitutional right to employment. Regarding his deprivation of property claims, due process of law does require notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim if the deprivation was random and unauthorized, because California provides an adequate state post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), *Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). Plaintiff's complaint alleges a random and unauthorized property deprivation that is not actionable here.

In sum, plaintiff cannot maintain a *Bivens* claim against GEO Group, Oakland Center or any of its employees.

**CONCLUSION**

For the foregoing reasons, this action is DISMISSED. Leave to amend will not be granted because amendment would be futile: it does not appear that plaintiff can name a proper defendant under *Bivens* for any constitutional violation. However, dismissal is without prejudice to plaintiff filing an action in state court.

**IT IS SO ORDERED.**

Dated: 2/27/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge